## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**CHERYL WEIMAR** and
**KARL WEIMAR**,

      Plaintiffs,

v.                                       CASE NO.: 4:19-cv-427

**THE FLORIDA DEPARTMENT
OF CORRECTIONS**, an agency of
the State of Florida,
**JOHN DOE 1**, an individual,
**JOHN DOE 2**, an individual,
**JOHN DOE 3**, an individual, and
**JOHN DOE 4**, an individual,

      Defendants.

_____/

## COMPLAINT

The Plaintiffs, Cheryl Weimar and Karl Weimar (collectively, the "Plaintiffs"), by and through the undersigned counsel, hereby sues the Florida Department of Corrections ("FDC") and John Does 1-4 (collectively, the "John Doe Defendants"), and allege as follows:

### INTRODUCTION

1.    This is an civil rights action for monetary damages as a result of the Defendants' violations of the Civil Rights Act of 1871, 42 U.S.C. § 1983, the Eighth Amendment to the United States Constitution, the Americans with Disabilities Act

of 1990, 42 U.S.C. § 12101, *et seq.* (the "ADA"), and the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.* (the "RA"). Plaintiff Cheryl Weimar is an FDC inmate who had a history of physical and mental disabilities. When she declared an inmate psychological and medical emergency on August 21, 2019, Plaintiff Cheryl Weimar was brutally attacked—and nearly beaten to death—by the John Doe Defendants instead of being provided the necessary medical attention and accommodation for her known disabilities. Defenseless, Plaintiff Cheryl Weimar suffered serious and life-threatening injuries, including a broken neck, at the hands of the Defendants. She is now a quadriplegic because of the Defendants' excessive use of force, in violation of the Eighth Amendment, the ADA, and the RA.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3.      Jurisdiction and venue are proper in the Northern District of Florida (Tallahassee Division) in that the FDC is headquartered with its principle place of business in Leon County, Florida, and the principle claim giving rise to this action being asserted against FDC. Furthermore, FDC's ADA coordinator works out of the Tallahassee office, who would have been required by FDC to acknowledge Plaintiff's disability.

4.      The claims alleged herein are brought within the applicable statute of limitations.

5.      Plaintiff Cheryl Weimar alleges that administrative remedies were unavailable to her and, therefore, she is not subject to the Prison Litigation Reform Act's ("PLRA") exhaustion requirement. Plaintiff Cheryl Weimar is currently being cared for at a hospital in Ocala, bedridden and a quadriplegic due to the injuries sustained by the Defendants. Further, the exhaustion requirement is not applicable to Karl Weimar as he is not a "prisoner" within the meaning of the PLRA.

## THE PARTIES

6.      Plaintiff Cheryl Weimar brings this action for violation of the Eighth Amendment, the ADA, and the RA. At all times relevant hereto, Plaintiff Cheryl Weimar was housed at Lowell Correctional Institution ("Lowell CI").

7.      Plaintiff Karl Weimar is the spouse of Plaintiff Cheryl Weimar. Further, at all times relevant hereto, Plaintiffs Karl and Cheryl Weimar were legally married. Plaintiff Karl Weimar brings a claim for loss of consortium, which derives from the events and violations alleged herein.

8.      Defendant FDC is an agency of the State of Florida that owns and operates correctional facilities in the state, and which receives federal funds to operate its agency. Defendant FDC is headquartered in Leon County, Florida, and therefore venue is proper in Tallahassee, Florida. At all times relevant hereto,

Defendant FDC owned and operated Lowell CI, the facility where Cheryl Weimar was brutally attacked by the John Doe Defendants, who inflicted life-threatening injuries, including a broken neck, to a defenseless Cheryl Weimar.

9.     Upon information and belief, the John Doe Defendants are correctional officers and employees of Defendant FDC. Their identities are currently unknown at this time. However, once their identities become known through necessary discovery, Plaintiffs will amend to include those Defendants specifically by name. The John Doe Defendants acted under color of state law and intentionally deprived Plaintiff Cheryl Weimar of her rights under the United States Constitution. They are sued in their individual capacities.

## FACTS

10.     Plaintiff Cheryl Weimar is a Florida inmate who, at all relevant times, was house at Lowell CI in unincorporated Marion County, Florida.

11.     Plaintiff Cheryl Weimar has been incarcerated since January 21, 2016. Her current release date is February 9, 2021.

12.     Plaintiff Cheryl Weimar has a history of a physical disability.

13.     Plaintiff Cheryl Weimar has a history of mental disabilities.

14.     Defendant FDC had actual knowledge of Plaintiff Cheryl Weimar's physical and mental disabilities from the time her incarceration began and at all times relevant hereto.

## **The Brutal Attack on Cheryl Weimar**

15.     The incident and brutal attack took place on August 21, 2019, while Plaintiff Cheryl Weimar was on prison work duty.

16.     Among other duties, Plaintiff Cheryl Weimar's work assignment was to clean the toilets in one or more of the confinement areas at Lowell CI.

17.     However, Plaintiff Cheryl Weimar had a pre-existing hip condition, which substantially affected her ability to clean the toilets. She complained to the John Doe Defendants that she was in pain and she was unable to clean the toilets because of her hip condition.

18.     Plaintiff Cheryl Weimar's hip condition is a physical impairment, which substantially affected one of more major life activities, including but not limited to, her ability to perform manual tasks, walk, stand, sit, reach, lift, bend, and work.

19.     The Defendants were aware of Plaintiff's physical impairment and pre-existing hip condition.

20.     Plaintiff Cheryl Weimar requested a reasonable accommodation for her physical disability in connection with her prison work assignment.

21.     The Defendants denied Plaintiff Cheryl Weimar her reasonable request for accommodation.

22.     Rather than provide a reasonable accommodation, the John Doe Defendants became angry at Plaintiff Cheryl Weimar's reasonable request for an accommodation. A confrontation ensued. Under FDC policy and procedure, prison officials should have called medical personnel to intervene once Plaintiff Cheryl Weimar declared an inmate medical emergency.

23.     The more Plaintiff Cheryl Weimar complained of her physical condition, the more angry, aggressive, and violent the John Doe Defendants became.

24.     The stress of the confrontation caused Plaintiff Cheryl Weimar to experience an adverse psychological episode as four correctional officers aggressively approached her and became violent. With a bad hip and nothing more than cleaning supplies, Plaintiff was defenseless.

25.     As the confrontation escalated, Plaintiff Cheryl Weimar began to declare an inmate psychological emergency, her second request for accommodations.

26.     Under FDC policy and procedure, prison officials should have called medical personnel to intervene once Plaintiff Cheryl Weimar's declared an inmate psychological emergency.

27.     The John Doe Defendants did not follow procedure.

28.     Instead, one or more of the John Doe Defendants slammed Plaintiff Cheryl Weimar to the ground. While down, they brutally beat her with blows to her head, neck, and back. At least one John Doe Defendant elbowed Plaintiff Cheryl Weimar in the back of her neck, causing her to suffer a broken neck.

29.     The John Doe Defendants did not stop there. They dragged Plaintiff Cheryl Weimar like a rag doll to a nearby wheelchair, allowing her head to bounce along the ground along the way.

30.     Further, upon information and belief, the John Doe Defendants dragged Plaintiff Cheryl Weimar outside the compound so they could continue their brutal attack in an area that was not covered by surveillance cameras.

31.     This malicious and sadistic beating of the defenseless Plaintiff Cheryl Weimar by the four John Doe Defendants caused Plaintiff Cheryl Weimar to suffer life-threatening and permanent injuries, including a broken neck. She is now a quadriplegic and has lost the ability to use her arms and legs.

32.     Plaintiff Cheryl Weimar was hospitalized after the brutal attack. She currently has to breathe through a tracheostomy, is currently receiving food through a PEG tube, and will remain hospitalized for the foreseeable future. As a result of this unlawful beating and inmate abuse, Plaintiff Cheryl Weimar will require around-the-clock medical care for the rest of her life.

## COUNT I
## 42 U.S.C. § 1983 – EIGHTH AMENDMENT
### (*Cheryl Weimar Against John Does 1-4*)

33.     Plaintiff Cheryl Weimar incorporates and re-alleges Paragraphs 1 through 32 as if fully set forth herein.

34.     This Count is brought through 42 U.S.C. § 1983 and against the John Doe Defendants for violation of the Eighth Amendment's prohibition of cruel and unusual punishment on prisoners.

35.     At all times relevant hereto, the John Doe Defendants acted under color of state law and intentionally deprived Plaintiff Cheryl Weimar of her rights under the United States Constitution. The John Doe Defendants are sued in their individual capacities.

36.     While working in at Lowell CI, a correctional facility owned and operated by the State of Florida, the John Doe Defendants intentionally violated Plaintiff Cheryl Weimar's right as a prisoner to be free from cruel and unusual punishment and to be free from the use of excessive force and to receive appropriate medical care while being detained as a prisoner.

37.     Plaintiff Cheryl Weimar had known physical and mental impairments, which were serious medical needs and conditions. The John Doe Defendants were subjectively aware of Plaintiff Cheryl Weimar's physical and mental conditions. Further, Plaintiff Cheryl Weimar's conditions and serious medical needs were so

obvious that even a layperson would easily recognize the necessity for medical attention and treatment.

38.    The force used by the John Doe Defendants, or caused to be used by the John Doe Defendants, was excessive in that it was used maliciously and sadistically for the very purpose of causing harm to Plaintiff Cheryl Weimar.

39.    Plaintiff Cheryl Weimar suffered substantial damages as a direct and proximate result of the John Doe Defendants excessive use of force, including permanent physical injuries, disfigurement, and emotional pain and suffering. Plaintiff Cheryl Weimar is now a quadriplegic because of the harm inflicted upon her by the John Doe Defendants.

WHEREFORE, the Plaintiff, Cheryl Weimar, demands judgment against the John Doe Defendants for compensatory damages, punitive damages, attorney's fees and costs, and such other relief as this court deems appropriate.

## COUNT II
## TITLE II OF THE AMERICANS WITH DISABILITIES ACT (ADA)
### (*Cheryl Weimar Against FDC*)

40.    Plaintiff Cheryl Weimar incorporates and re-alleges paragraphs 1 through 32 as if fully set forth herein.

41.    This count is brought under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. 12101, *et seq.* and 42 U.S.C. §§ 12131–12134, and its implementing regulations.

42.    The ADA prohibits public entities from discriminating against individuals with disabilities in their services, programs, and activities. 42 U.S.C. §§ 12131–12134; *see also* 28 C.F.R. §§ 35.130. In other words, the ADA impose an affirmative duty on public entities to create policies and procedures to prevent discrimination on the basis of disability.

43.    Defendant FDC is a "public entity" within the meaning of 42 U.S.C. § 12131(1) and 28 C.F.R. § 35.104.

44.    Plaintiff Cheryl Weimar was disabled as the term is defined in 42 U.S.C. § 12102, 42 U.S.C. § 12131, and 28 C.F.R. § 35.108, as she suffered both a physical and mental impairment that substantially limited one or more major life activities.

45.    Plaintiff Cheryl Weimar's physical and mental impairments substantially limit one or more major life activities, including but not limited to caring for herself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, sitting, reaching, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, writing, communicating, interacting with others, and working. 42 U.S.C. § 12102(2)(a); 28 C.F.R. § 35.108(c)(1)(i).

46.    Plaintiff Cheryl Weimar has a record of having physical and mental impairments that substantially limit one or more major life activity, as she has a

history of such impairments. 42 U.S.C. § 12102(1)(B); 28 C.F.R. § 35.108(a)(1)(ii) & (e).

47.    Plaintiff Cheryl Weimar is regarded by FDC as having physical and mental impairments that substantially limit one or more major life activity, as FDC perceives her as having such impairments. 42 U.S.C. § 12102(1)(C) & (3); 28 C.F.R. § 35.108(a)(1)(iii) & (f). Defendant FDC has subjected Plaintiff Cheryl Weimar to a prohibited action because of her actual or perceived physical and mental impairments.

48.    Plaintiff Cheryl Weimar was a qualified individual with a disability because she met the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by Defendant FDC, including but not limited to medical services. 42 U.S.C. § 12131(2); 28 C.F.R. § 35.104.

49.    Plaintiff Cheryl Weimar was brutally attacked and abused by FDC agents and employees at Lowell CI because of her disabilities. Plaintiff Cheryl Weimar was brutally beaten and denied medical treatment and intervention due to her disabilities, which were known to Defendant FDC and its agents and employees. Such abuse and denial of medical attention by Defendant FDC and its agents and employees was in spite of Plaintiff Cheryl Weimar's disabilities. Such abuse and denial of medical attention constitutes discrimination against an individual on the basis of disability in violation of Title II of the ADA. In fact, the beating Plaintiff

Cheryl Weimar received was because of her disabilities, and because of her request for accommodations. In other words, Plaintiff Cheryl Weimar suffered retaliation from FDC and its employees for requesting accommodations and declaring inmate medical and psychological emergencies.

50. Plaintiff Cheryl Weimar's exercise of her rights under the ADA was interfered with by the John Doe Defendants in violation of 42 U.S.C. § 12203. *See also* 28 C.F.R. § 35.134.

51. Defendant FDC excluded Plaintiff Cheryl Weimar from participation in, and denied her the benefits of, FDC services, programs, and activities (such as medical services) by reason of her disability. 42 U.S.C. § 12132; 28 C.F.R. § 35.130(a).

52. Defendant FDC subjected Plaintiff Cheryl Weimar to discrimination on the basis of disability. 42 U.S.C. § 12132; 28 C.F.R. § 35.130(a).

53. Plaintiff Cheryl Weimar's complaints about her pre-existing hip condition, and declaration of an inmate medical emergency, was a request for a reasonable accommodation for her physical impairment. Defendant FDC and its agents and employees discriminated and retaliated against Plaintiff Cheryl Weimar because of her physical disability and request for a reasonable accommodation. Further, Plaintiff Cheryl Weimar declared an inmate psychological emergency seeking immediate medical treatment, which was a request for a reasonable

accommodation for her mental impairment. Defendant FDC and its agents and employees ignored Plaintiff Cheryl Weimar's reasonable requests for accommodations, and instead discriminated and retaliated against her because of her mental disability.

54.     Defendant FDC failed to provide Plaintiff Cheryl Weimar with equal access to and enjoyment of effective services, programs, or activities that it provides as a public entity. 28 C.F.R. § 35.130(b)(1).

55.     Defendant FDC knew about the violations described herein but failed to correct them, thereby exhibiting deliberate indifference to the rights of Plaintiff Cheryl Weimar.

56.     Defendant FDC showed deliberate indifference toward Plaintiff Cheryl Weimar and her physical and mental disabilities when:

a.      On August 21, 2019, FDC employees brutal attacked Plaintiff Cheryl Weimar because she complained of her pre-existing hip condition while cleaning toilets at the work camp and requested a reasonable accommodation for her physical disability;

b.      On August 21, 2019, despite Plaintiff Cheryl Weimar declaring an inmate psychological emergency, FDC employees continued to brutally beat and manhandle her when it should have been objectively obvious and

apparent that she needed emergency medical attention for her mental disability;

c.      FDC employees dragged Plaintiff Cheryl Weimar to a wheelchair with her head bouncing along the ground, making it readily apparent that their acts of discrimination and retaliation against Plaintiff Cheryl Weimar were because of her disabilities; and

d.      FDC employees failed to call medical personnel for intervention as a result of Plaintiff Cheryl Weimar declaring inmate medical and psychological emergencies, instead resorting to the use of excessive force to brutally beat Plaintiff Cheryl Weimar within an inch of death.

57.     Had Defendant FDC and its employees not been deliberately indifferent to Plaintiff Cheryl Weimar's physical and mental disabilities, Plaintiff would not have suffered life-threatening injuries, including a broken neck, which has rendered her a quadriplegic.

58.     As a direct and proximate cause of Defendant FDC's actions and omissions, Plaintiff Cheryl Weimar has suffered and continues to suffer from substantial harm and violation of her ADA rights.

WHEREFORE, the Plaintiff, Cheryl Weimar, demands judgment against Defendant FDC for compensatory damages, including for permanent physical injury, disfigurement, and emotional pain and suffering, for all prejudgment interest

allowable under law, for attorney's fees and costs incurred in connection with this litigation, and for such other relief as this court deems appropriate.

**COUNT III**
**SECTION 504 OF THE REHABILITATION ACT (RA)**
(*Cheryl Weimar Against FDC*)

59.     Plaintiff Cheryl Weimar incorporates and re-alleges paragraphs 1 through 32 as if fully set forth herein.

60.     This count is brought under Section 504 of the Rehabilitation Act (RA), 29 U.S.C. § 701, *et seq.* and 29 U.S.C. § 791–794, *et seq.*, and its implementing regulations.

61.     Section 504 of the RA prohibits discrimination against persons with disabilities by any program or activity receiving Federal financial assistance. 29 U.S.C. § 794(a).

62.     Defendant FDC is a program or activity receiving federal financial assistance within the meaning of 29 U.S.C. § 794.

63.     Defendant FDC excluded Plaintiff Cheryl Weimar—a qualified individual with a disability—from participation in, and denied her the benefits of, programs or activities solely by reason of her physical and mental disabilities. 29 U.S.C. § 794(a); 29 U.S.C. § 705(20); 28 C.F.R. § 42.503(a).

64.     Defendant FDC subjected Plaintiff Cheryl Weimar—a qualified individual with a disability—to discrimination. 29 U.S.C. § 794(a).

65.    Defendant FDC denied Plaintiff Cheryl Weimar—a qualified handicapped person—the opportunity accorded to others to participate in programs and activities. 28 C.F.R. § 42.503(b)(1).

66.    Defendant FDC utilized criteria or methods of administration that either purposely or in effect discriminate on the basis of handicap, and defeat or substantially impair accomplishment of the objectives of FDC's programs or activities with respect to handicapped persons. 28 C.F.R. § 42.503(b)(3).

67.    Defendant FDC knew about the violations described herein but failed to correct them, thereby exhibiting deliberate indifference to the rights of Plaintiff Cheryl Weimar.

68.    As a direct and proximate cause of Defendant FDC's exclusion and discrimination, Plaintiff Cheryl Weimar has suffered, and continues to suffer, from substantial harm and violation of her RA rights.

WHEREFORE, the Plaintiff, Cheryl Weimar, demands judgment against Defendant FDC for compensatory damages, including for permanent physical injury, disfigurement, and emotional pain and suffering, for all prejudgment interest allowable under law, for attorney's fees and costs incurred in connection with this litigation, and for such other relief as this court deems appropriate.

**COUNT IV**
**LOSS OF CONSORTIUM**
*(Karl Weimar Against All Defendants)*

69.    Plaintiff Karl Weimar incorporates and re-alleges paragraphs 1 through 68 as if fully set forth herein.

70.    This Court has supplemental or pendent jurisdiction over this loss of consortium claim pursuant to 28 U.S.C. § 1367.

71.    Plaintiff Karl Weimar is the spouse of Plaintiff Cheryl Weimar, and was so situation at all times relevant to the events and wrongful acts which form the basis of this action.

72.    As a result of the Defendants brutality, Plaintiff Cheryl Weimar has suffered grave injuries, which have rendered her a quadriplegic and permanently disabled. Plaintiff Cheryl Weimar will require substantial and ongoing medical, financial, and emotional support for the rest of her life.

73.    As a direct and proximate cause of the Defendants constitutional and statutory violations, causing life-threatening, permanent injuries to Plaintiff Cheryl Weimar, Plaintiff Karl Weimar suffered mental anguish, loss of support, lost benefits and other financial spousal remuneration, and loss of capacity for enjoyment of life. These losses are permanent and continuing, and Plaintiff Karl Weimar will continue to suffer such losses in the future.

74.     As a consequence, Plaintiff Karl Weimar has been deprived of Plaintiff

Cheryl Weimar's companionship, society, solace, and ordinary services.

WHEREFORE, Plaintiff Karl Weimar demands judgment against Defendants

FDC and John Does 1-4 for the damages described herein, as well as for lost services,

for attorney's fees and costs incurred in connection with this litigation, and for such

other relief as this court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs demands a jury trial for all counts alleged above.

Respectfully submitted,

The Law Offices of
STEVEN R. ANDREWS, P.A.
822 North Monroe Street
Tallahassee, Florida 32303
T: (850) 681-6416 / F: 681-6984

*/s/ Ryan J. Andrews*
RYAN J. ANDREWS (FBN: 0104703)
ryan@andrewslaw.com

*/s/ John M. Vernaglia*
JOHN M. VERNAGLIA (FBN: 1010637)
john@andrewslaw.com
STEVEN R. ANDREWS (FBN: 0263680)
steve@andrewslaw.com
service@andrewslaw.com
*Counsel for Plaintiff*