# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

**CHERYL WEIMAR** and
**KARL WEIMAR,**

      Plaintiffs,

v.                                        Case No.: 3:19-cv-1137-J-20MCR

**THE FLORIDA DEPARTMENT
OF CORRECTIONS**, an agency of
the State of Florida,
**JOHN DOE 1**, an individual
**JOHN DOE 2**, an individual
**JOHN DOE 3**, an individual, and
**JOHN DOE 4**, an individual,

      Defendants.

_____/

## DEFENDANT'S ANSWER AND DEFENSES
## TO THE FIRST AMENDED COMPLAINT

The Defendant, State of Florida, Department of Corrections, answers and files its defenses to the first amended complaint brought by the Plaintiffs, Cheryl Weimar and Karl Weimar, and says:

1.      The Defendant admits the subject matter jurisdiction of this Court, but denies any allegation of wrongdoing by the Defendant pled or implied in the first sentence of paragraph 1 of the first amended complaint. The Defendant admits that the Plaintiff Cheryl Weimar is an inmate under the control and custody of the Defendant. The Defendant is without knowledge of the remaining allegations contained in the second sentence of paragraph 1 of the first amended complaint. The Defendant is without knowledge of the

remaining allegations contained in paragraph 1 of the first amended complaint, but denies any allegation of wrongdoing by the Defendant pled or implied in those allegations.

2.      The Defendant admits the subject matter jurisdiction of this Court.

3.      The Defendant admits that its principal place of business is in Leon County, Florida, and the subject matter jurisdiction of this Court. For the allegations related to the unnamed "ADA coordinator" in paragraph 3 of the first amended complaint, the Defendant incorporates its responses to paragraphs 36 and 37 of the first amended complaint. For the allegations related to the propriety of venue contained in paragraph 3 of the first amended complaint, the action has been transferred to the Middle District of Florida, (Doc. 17), and therefore the Defendant denies the allegations made by the Plaintiff. The Defendant admits the propriety of venue is proper in the Middle District of Florida. The Defendant denies the remaining allegations contained in paragraph 3 of the first amended complaint.

4.      The Defendant is without knowledge of the allegations contained in paragraph 4 of the first amended complaint.

5.      The Defendant is without knowledge of the allegations contained in the first sentence of paragraph 5 of the first amended complaint. The Defendant denies the allegations contained in the second sentence of paragraph 5 of the first amended complaint. The allegation regarding the Plaintiff Karl Weimar does not require a response as it draws a legal conclusion and the claim is subject to a motion to dismiss.

6.      The Defendant admits that the Plaintiff Cheryl Weimar is an inmate within the custody and control of the Defendant and that she was housed at Lowell Correctional Institution. The Defendant further admits the subject matter jurisdiction of this Court, but

denies any allegation of wrongdoing by the Defendant pled or implied in paragraph 6 of the first amended complaint. The Defendant is without knowledge of the allegations contained in the third sentence of paragraph 6 of the first amended complaint.

7.      The Defendant is without knowledge of the allegations contained in paragraph 7 of the first amended complaint.

8.      The Defendant admits the allegations contained in the first sentence of paragraph 8 of the first amended complaint. The Defendant admits that it is headquartered in Leon County, Florida. For the allegations related to the propriety of venue contained in the second sentence of paragraph 8 of the first amended complaint, the action has been transferred to the Middle District of Florida, (Doc. 17), and therefore the Defendant denies the allegations made by the Plaintiff. The Defendant admits the propriety of venue is proper in the Middle District of Florida. The Defendant admits that it owns and operates Lowell Correctional Institution and that the Plaintiff was incarcerated at that institution until August 21, 2019 when she was transported to receive medical care at a hospital. The Defendant is without knowledge of the remaining allegations contained in the third sentence of paragraph 8 of the first amended complaint, but denies any allegation of wrongdoing by the Defendant pled or implied in that sentence.

9.      The Defendant is without knowledge of the allegations contained in paragraph 9 of the first amended complaint.

10.     The Defendant admits that during the August 21, 2019 incident alleged in the pleading that the Plaintiff was incarcerated at Lowell Correctional Institution. The Defendant

3

is without knowledge of the remaining allegations contained in paragraph 10 of the first amended complaint.

11.     The Defendant admits the allegations contained in the first sentence of paragraph 11 of the first amended complaint. The Defendant denies the allegations contained in the second sentence of paragraph 11 of the first amended complaint.

12.     The Defendant is without knowledge of the allegations contained in paragraph 12 of the first amended complaint.

13.     The Defendant is without knowledge of the allegations contained in paragraph 13 of the first amended complaint.

14.     The Defendant denies the allegations contained in paragraph 14 of the first amended complaint.

15.     The Defendant admits that the Plaintiff was on prison work duty on August 21, 2019. The Defendant is without knowledge of the "incident" alleged in paragraph 15 of the first amended complaint. The Defendant denies the remaining allegations contained in paragraph 15 of the first amended complaint.

16.     The Defendant admits that one of the work assignment duties the Plaintiff would have been assigned is to clean the toilets at the Lowell Correctional Institution work camp. The Defendant is without knowledge of the allegations regarding "Among other duties" contained in paragraph 16 of the first amended complaint. The Defendant denies the remaining allegations contained in paragraph 16 of the first amended complaint.

17.     The Defendant is without knowledge of the allegations contained in the first sentence of paragraph 17 of the first amended complaint. The Defendant denies the allegations contained in the second sentence of paragraph 17 of the first amended complaint.

18.     The Defendant is without knowledge of the allegations contained in paragraph 18 of the first amended complaint.

19.     The Defendant is without knowledge of the allegations contained in paragraph 19 of the first amended complaint.

20.     The Defendant denies the allegations contained in paragraph 20 of the first amended complaint.

21.     The Defendant denies the allegations contained in paragraph 21 of the first amended complaint.

22.     The Defendant is without knowledge of the allegations contained in paragraph 22 of the first amended complaint. Specifically, the Plaintiff does not describe the confrontation or her alleged declaration of a medical emergency or what medical emergency she claims existed.

23.     The Defendant denies that its employees were "angry, aggressive, and violent." The Defendant is without knowledge of the remaining allegations contained in paragraph 23 of the first amended complaint.

24.     The Defendant is without knowledge of the allegations contained in paragraph 24 of the first amended complaint. Specifically, the Plaintiff does not describe her alleged declaration of a medical emergency or the specific "policy or procedure" she allegedly invoked or that the John Doe Defendants did not follow.

25.     The Defendant denies that its employees were aggressive or violent with the Plaintiff. The Defendant is without knowledge of the remaining allegations contained in paragraph 25 of the first amended complaint.

26.     The Defendant denies the allegations contained in the first sentence of paragraph 26 of the first amended complaint. The Defendant is without knowledge of the allegations contained in the second sentence of paragraph 26 of the first amended complaint.

27.     The Defendant is without knowledge of the allegations contained in paragraph 27 of the first amended complaint. Specifically, the Plaintiff does not describe her alleged declaration of a psychological emergency or the specific "policy or procedure" she allegedly invoked.

28.     The Defendant is without knowledge of the allegations contained in paragraph 28 of the first amended complaint.

29.     The Defendant denies the allegations contained in paragraph 29 of the first amended complaint.

30.     The Defendant denies the allegations contained in paragraph 30 of the first amended complaint.

31.     The Defendant denies the allegations contained in paragraph 31 of the first amended complaint.

32.     The Defendant is without knowledge of the allegations contained in paragraph 32 of the first amended complaint. Specifically, the Plaintiff does not identify the "inmates," "employees," "security staff," or "[o]ne of the John Doe Defendants" referenced in paragraph 32 of the first amended complaint.

33.     The Defendant denies the allegations contained in the first sentence of paragraph 33 of the first amended complaint. The Defendant is without knowledge of the allegations contained in the second paragraph 31 of the first amended complaint.

34.     The Defendant denies that there was a "brutal attack," and "unlawful beating," or "inmate abuse." The Defendant admits that the Plaintiff Cheryl Weimar is currently receiving care at a hospital. The Defendant is without knowledge of the remaining allegations contained in paragraph 34 of the first amended complaint.

35.     The Defendant denies the allegations contained in paragraph 35 of the first amended complaint.

36.     The Defendant denies the allegations contained in paragraph 36 of the first amended complaint as stated. Answering further, to the extent the Plaintiff alleges the job duties of an unnamed "ADA Coordinator," those duties would be contained in a written job description that speaks for itself. Pursuant to Florida Administrative Code Rule 33-210.201, the determination of whether an inmate has a disability shall be made by department medical staff, either at reception or at the institution where the inmate is assigned. Pursuant to Florida Administrative Code Rule 33-210.201, ADA requests for accommodations from inmates are reviewed by an Institutional ADA Coordinator who renders a recommendation to approve, deny, modify, or return without action. The Central Office ADA Coordinator reviews the request and notifies the Institutional ADA Coordinator whether he or she concurs or disagrees with the Institutional ADA Coordinator's recommendation. The Defendant maintains electronic copies of accommodation requests in its Central Office that are received

from the institutions, and the Central Office ADA decision is sent to the institution via email for it to be handled and filed as per the applicable administrative rules and procedures

37.    The Defendant denies the allegations contained in paragraph 37 of the first amended complaint as stated. Answering further, pursuant to Florida Administrative Code Rule 33-210.201, the "process" for requesting an accommodation or modification by inmates involves Institutional ADA Coordinators who are designated to respond to requests for accommodation and render decisions. As the Institutional ADA Coordinators are staff members at the institution itself, the "process" may take place outside of Tallahassee, Florida.

38.    The Defendant makes no response to paragraphs 38 through 44 of the first amended complaint because they only apply to John Doe Defendants who, upon information and belief, have not been served.

39.    In response to paragraph 45 of the first amended complaint, the Defendant repeats its responses to paragraphs 1 through 37 of the first amended complaint.

40.    In response to paragraph 46 of the first amended complaint, the Defendant admits the subject matter jurisdiction of this Court.

41.    The Americans with Disabilities Act speaks for itself and therefore the Defendant denies the allegations contained in paragraph 47 of the first amended complaint.

42.    The Defendant admits the allegations contained in paragraph 48 of the first amended complaint.

43.    The Defendant is without knowledge of the allegations contained in paragraph 49 of the first amended complaint.

44.     The Defendant is without knowledge of the allegations contained in paragraph 50 of the first amended complaint.

45.     The Defendant is without knowledge of the allegations contained in paragraph 51 of the first amended complaint.

46.     The Defendant denies the allegations contained in paragraph 52 of the first amended complaint.

47.     The Defendant is without knowledge of the allegations contained in paragraph 53 of the first amended complaint.

48.     The Defendant denies the allegations contained in paragraph 54 of the first amended complaint.

49.     The Defendant denies the allegations contained in paragraph 55 of the first amended complaint.

50.     The Defendant denies the allegations contained in paragraph 56 of the first amended complaint.

51.     The Defendant denies the allegations contained in paragraph 57 of the first amended complaint.

52.     The Defendant denies the allegations contained in paragraph 58 of the first amended complaint.

53.     The Defendant denies the allegations contained in paragraph 59 of the first amended complaint.

54.     The Defendant denies the allegations contained in paragraph 60 of the first amended complaint.

55.     The Defendant denies the allegations contained in paragraph 61 and subparagraphs a. through d. of the first amended complaint.

56.     The Defendant denies the allegations contained in paragraph 62 of the first amended complaint.

57.     The Defendant denies the allegations contained in paragraph 63 of the first amended complaint. The Defendant denies the prayer for relief contained in the unnumbered wherefore paragraph which follows paragraph 63 of the first amended complaint.

58.     In response to paragraph 64 of the first amended complaint, the Defendant repeats its responses to paragraphs 1 through 37 of the first amended complaint.

59.     In response to paragraph 65 of the first amended complaint, the Defendant admits the subject matter jurisdiction of this Court.

60.     The Rehabilitation Act speaks for itself and therefore the Defendant denies the allegations contained in paragraph 66 of the first amended complaint.

61.     The Defendant admits the allegations contained in paragraph 67 of the first amended complaint.

62.     The Defendant denies the allegations contained in paragraph 68 of the first amended complaint.

63.     The Defendant denies the allegations contained in paragraph 69 of the first amended complaint.

64.     The Defendant denies the allegations contained in paragraph 70 of the first amended complaint.

65.     The Defendant denies the allegations contained in paragraph 71 of the first amended complaint.

66.     The Defendant denies the allegations contained in paragraph 72 of the first amended complaint.

67.     The Defendant denies the allegations contained in paragraph 73 of the first amended complaint. The Defendant denies the prayer for relief contained in the unnumbered wherefore paragraph which follows paragraph 73 of the first amended complaint.

68.     In response to paragraph 74 of the first amended complaint, the Defendant repeats its answers to paragraphs 1 through 73 of the first amended complaint.

69.     The allegations contained in paragraph 75 of the first amended complaint regarding the Plaintiff Karl Weimar do not require a response as they draw a legal conclusion and are subject to a motion to dismiss.

70.     The allegations contained in paragraph 76 of the first amended complaint regarding the Plaintiff Karl Weimar do not require a response as they draw a legal conclusion and are subject to a motion to dismiss.

71.     The allegations contained in paragraph 77 of the first amended complaint regarding the Plaintiff Karl Weimar do not require a response as they draw a legal conclusion and are subject to a motion to dismiss.

72.     The allegations contained in paragraph 78 of the first amended complaint regarding the Plaintiff Karl Weimar do not require a response as they draw a legal conclusion and are subject to a motion to dismiss.

73.     The allegations contained in paragraph 79 of the first amended complaint regarding the Plaintiff Karl Weimar and the prayer for relief contained in the unnumbered wherefore paragraph which follows paragraph 79 of the first amended complaint do not require a response as they draw a legal conclusion and are subject to a motion to dismiss.

## DEFENSES

74.     First defense. As a defense to Count II of the first amended complaint, the Defendant says that the Plaintiff Cheryl Weimar has failed to state a claim upon which relief may be granted under Title II of the Americans with Disabilities Act because she has failed to plead sufficient facts that demonstrate that she was a qualified individual with a disability, that she was excluded from participation in or denied the benefits of the Defendant's services, programs, or activities, or otherwise discriminated against by the Defendant, and that the alleged exclusion, denial, or discrimination was by reason of her alleged disability.

75.     Second defense. As a defense to Count III of the first amended complaint, the Defendant says that the Plaintiff Cheryl Weimar has failed to state a claim upon which relief may be granted under the Rehabilitation Act because she has failed to plead sufficient facts that demonstrate she is a qualified individual with a disability who has solely by reason of that alleged disability been excluded from the participation in, denied benefits of, or otherwise been subjected to discrimination under any program or activity receiving Federal financial assistance.

76.     Third defense. As a defense to Counts II and III of the first amended complaint, the Defendant says that the Plaintiff Cheryl Weimar has failed to state a claim upon which relief may be granted under the ADA or Rehabilitation Act because she has

failed to alleged sufficient facts to demonstrate that the Defendant acted with deliberate indifference.

Respectfully submitted,

/s/Thomas M. Gonzalez
Thomas M. Gonzalez
Florida Bar No. 192341
Nathan J. Paulich
Florida Bar No.: 085190
GrayRobinson, P.A.
401 East Jackson Street, Suite 2700
Tampa, Florida 33602
Telephone: (813) 273-5000
Facsimile: (813) 273-5145
thomas.gonzalez@gray-robinson.com
nathan.paulich@gray-robinson.com
Attorneys for the Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished this 8th day of October, 2019, by CM/ECF electronic filing to the Clerk of Court and to the following:

Ryan J. Andrews
John M. Vernaglia
Steven R. Andrews
The Law Offices of Steven R. Andrews, P.A.
822 North Monroe Street
Tallahassee, Florida 32303
ryan@andrewslaw.com
john@andrewslaw.com
steve@andrewslaw.com

/s/ Thomas M. Gonzalez
Attorney